1  NEAL S. SALISIAN, SBN 240277
   neal.salisian@salisianlee.com
2  JARED T. DENSEN, SBN 325164
   jared.densen@salisianlee.com
3  PATTY W. CHEN, SBN 322992
   patty.chen@salisianlee.com
4  **SALISIAN | LEE LLP**
   550 South Hope Street, Suite 750
5  Los Angeles, California 90071-2924
   Telephone:  (213) 622-9100
6  Facsimile:  (800) 622-9145

7  MARISA D. POULOS, SBN 197904
   marisa.poulos@balboacapital.com
8  **BALBOA CAPITAL**
   575 Anton Boulevard, Suite 1080
9  Costa Mesa, California 92626
   Tel: (949) 399-6303

10

11 Attorneys for Plaintiff
   AMERIS BANK d/b/a BALBOA CAPITAL

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia state-chartered banking corporation, doing business as BALBOA CAPITAL,<br><br>Plaintiff,<br><br>vs.<br><br>DESIGN REAL ESTATE SOLUTIONS, LLC, a Missouri limited liability company,<br><br>Defendant. | Case No.:<br><br>**PLAINTIFF AMERIS BANK D/B/A BALBOA CAPITAL'S COMPLAINT FOR:**<br><br>**1. BREACH OF EQUIPMENT FINANCING AGREEMENT** |

COMPLAINT

Plaintiff Ameris Bank, a Georgia state-chartered banking corporation doing business as Balboa Capital ("Balboa" or "Plaintiff"), alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Ameris Bank d/b/a Balboa Capital ("Balboa" or "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered banking corporation with Balboa Capital as one if its divisions, which division has its principal place of business in the State of California, County of Orange.

2. Defendant Design Real Estate Solutions, LLC, a Missouri limited liability company ("Design Real Estate" or "Defendant") is, and at all times relevant to this action was, a Missouri limited liability company with its principal place of business in the County of St. Louis, State of Missouri.

3. Based on my office's research, and upon information and belief, Raymond Porter ("Raymond") and Thomas Porter ("Thomas") are the only members of Design Real Estate and both are citizens of Missouri. Thus, Design Real Estate is a citizen of the State of Missouri.

4. Plaintiff is informed and believes, and thereon alleges, that each defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other defendants in a joint enterprise for profit and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about the foregoing, and that each defendant authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other defendants.

5. The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California Civil Code Sections 1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California Civil Code Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

6. Pursuant to the Equipment Financing Agreement described herein, Defendant agreed those documents would be governed by the laws of the State of California. In addition, the Equipment Financing Agreement provides, in pertinent part, as follows:

> **GENERAL** ... **You submit to the exclusive and mandatory jurisdiction of CA** and agree that the CA state courts and/or the United States District Court for the Central District of California, Santa Ana Division, will have exclusive and mandatory jurisdiction over any action or proceeding to enforce this Agreement or any action or proceeding arising out of this Agreement.

7. <u>Jurisdiction</u>. This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332(a).

8. Specifically, as described above, Balboa is a citizen of the States of Georgia and California and Design Real Estate is a citizen of the State of Missouri. As such, Design Real Estate are not citizens of California or Georgia, and there exists complete diversity of citizenship between Plaintiff and Defendants. Lastly, as alleged herein, the amount in controversy exceeds $75,000.

9. <u>Venue</u>. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. § 84(c)(3).

10. All officers of Balboa, including all witnesses, and all of Balboa's documents are located in the State of California, County of Orange. The transactions at issue in this Action occurred in the State of California, County of Orange.

## FIRST CAUSE OF ACTION

**(Breach of Equipment Financing Agreement)**

**(Against Design Real Estate)**

11. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

12. In or prior to June 2024, Balboa is informed and believes that Defendant initiated and engaged with Fame 1 Computers, Inc., located at 18730 Oxnard Street, Suite 207, Tarzana, CA 91356 (the "Equipment Vendor"), in order to coordinate the acquisition and financing of certain equipment (the "Collateral") for its business. The Equipment Vendor worked with Defendant in the selection of the Collateral and in coordinating its delivery.

13. Balboa is informed and believes, and therefore alleges, that the Equipment Vendor initiated and coordinated submission of Defendant's electronic credit application to Balboa and other financial institutions. Upon review, Defendant concluded that Balboa offered agreeable terms to finance the Collateral commensurate with its requirements. Thereafter, the Equipment Vendor accumulated and submitted to Balboa the requisite signatories, documentation and financial information from the Defendant to finance the Collateral being supplied by the Equipment Vendor.

14. On or about June 12, 2024, Defendant executed a certain written Equipment Financing Agreement No. 340340-002 (the "EFA"), under the terms of which Balboa loaned to Design Real Estate the sum of One Hundred Thirty-Five Thousand Eight Hundred Seventy-Nine Dollars and Eighty-One Cents ($135,879.81) to finance the Collateral for its business. The EFA required Design Real Estate to make sixty (60) monthly payments of $2,905.65, payable on the 28th day of each month beginning July 28, 2024. A true and correct copy of the EFA is attached as **Exhibit A** and is incorporated here by reference.

15. The last payment received by Balboa was credited toward the monthly payment due for April 28, 2025. Therefore, on or about May 28, 2025, Defendant breached the EFA by failing to make the monthly payment due on that date. Defendant's failure to make timely payments is a default under the terms of the EFA.

16. In accordance with the EFA, and as a proximate result of Defendant's default thereunder, Balboa declared the future payments under the EFA to be immediately due and payable to Balboa.

17. Pursuant to the "Default and Remedies" section on page 3 of the EFA, in the event of a default, Balboa may: "… (c) accelerate and declare all sums due and to become due hereunder immediately due and payable, all future payments discounted at 3% as calculated by us …" Balboa's calculation of the 3% discount is made pursuant to a present-value ("PV") accounting formula that is calculated to discount each future monthly accelerated payment down to what the present value would be in today's dollar figure. For example, a payment owed exactly one year from today would be discounted by the full 3%, whereas earlier payments would be discounted by less, and further payments would be discounted by more. Based upon this formula, Balboa calculated that the amount due totaled $134,179.12 ("PV'D Rent"). Therefore, there became due the sum of **$134,179.12**. These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Defendant.

18. In addition to the PV'D Rent, Defendant owed the monthly payment for May 2025 in the amount of $2,905.65, which had not been accelerated at the time of default as it was already due and payable. Accordingly, the total amount owed by Defendant at the time of default was $137,084.77.

19. Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of the EFA, except as excused or prevented by Defendant's conduct.

20. As a proximate result of Defendant's breach of the EFA, Balboa has been damaged in the total sum of **$137,084.77** plus prejudgment interest from May 28,2025, until the entry of judgment herein.

21. Further, under the terms of the EFA, Defendant promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement

of the EFA. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Defendant.

22. The EFA also provides Balboa the remedy of possession of the Collateral and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining the Collateral and apply the net proceeds from the sale to the remaining loan balance. Alternatively, if possession cannot be had, Balboa is entitled to recover the value of the Collateral.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

**On All Causes of Action:**

1. The sum of $137,084.77;
2. Prejudgment interest from May 28, 2025, to the date of entry of judgment;
3. Late charges and non-sufficient charges in an amount to be proven at trial;
4. An order to recover possession of the Collateral which is the subject of the EFA, or if the Collateral cannot be delivered, for its reasonable value according to proof;
5. Reasonable attorneys' fees and costs;
6. Costs of suit as provided by law; and

//
//
//
//
//
//

1      7. Such other and further relief that the Court considers proper.

3    DATED: August 12, 2025        SALISIAN | LEE LLP

By: _____
    Patty W. Chen
    Jared T. Densen
    Neal S. Salisian

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL